IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-MJ-1082-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER ON PROBABLE CAUSE |
| ) | AND DETENTION |
| ) | |
| TROY KELVIN CROMARTIE, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for a probable cause hearing regarding the charges against Defendant contained in a criminal complaint and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. Defendant is charged with two counts of possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [DE-1]. The government presented the testimony of Kevin Perry of the Sampson County Sheriff's Office and a member of the ATF Task Force. Defendant was represented by counsel and presented the testimony of Troy Boykin, Defendant's father, as a proposed third party custodian. The court also reviewed the pretrial services report, which was prepared by the probation office and provided to the parties in advance of the hearings.

The court finds that the credible information presented establishes probable cause to support the criminal complaint. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offenses charged and the strength of the government's case, (2) Defendant's criminal history (including committing offenses while on probation and probation violations and revocations), (3) Defendant is alleged to have committed the

instant offenses while on probation, (4) Defendant's apparent substance abuse as reflected in the pretrial services report, and (4) other findings and reasons stated in open court. Considerations cited by Defendant's counsel at the hearing as mitigating, including the testimony of Defendant's father, do not outweigh factors favoring detention.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 15th day of June 2015.

_____
Robert B. Jones, Jr.,
United States Magistrate Judge